In the case of Lamkin v. State, 136 Tex. Cr.R. 99, 123 S.W.2d 662, 663, this court quoted from 28 Cyc. p. 832, as follows:

"The term 'street' as ordinarily used is a 'public way or road in a city or village. It is a public thoroughfare and highway; all streets are highways, although all highways are not streets.'"

See also Pence v. State, 110 Tex.Cr.R. 378, 9 S.W.2d 348.

■■ A street in an unincorporated town or village, which is being used by the public as a thoroughfare, is a public highway. Consequently, the driving of an automobile upon a street in an unincorporated town by a person while intoxicated constitutes an offense under Art. 802, P.C., Vernon's Ann.P.C. art. 802. This question was again discussed by Judge Morrow, on motion for rehearing, in the case of Blackman v. State, Tex.Crim.App., 20 S.W.2d 783, 784. The question was also discussed by us in the case of Broughton v. State, 188 S.W.2d 393. We see no need of again reiterating what has been said in the cases cited. See also Simmons v. State, 149 Ark. 348, 232 S.W. 597.

■ The state's evidence is in accord with the allegations in the indictment, and in our opinion is sufficient to sustain the conviction. It is true that appellant and his witnesses denied that he was intoxicated at the time and place charged, but this was a controverted issue of fact. It was, in fact, the only controverted issue of fact raised by the testimony, and this issue the jury determined adversely to the appellant's contention.

From what we have said, it follows that the judgment of the trial court should be in all things affirmed, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## HALL v. STATE.
### No. 23362.

Court of Criminal Appeals of Texas.

May 22, 1946.

Earl E. Miller, of Dallas, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for the failure to stop and render aid. The punishment assessed is confinement in the state penitentiary for one year.

The record is before us without a statement of facts or bills of exception. The indictment and all other matters of procedure appear to be in regular form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.